JUDGE RAKOFF

07 CV 10725



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DAEWOO LOGISTICS CORPORATION,

           Plaintiff,

- against -

BARWIL ZAATARAH AGENCIES LTD.

           Defendant.
------------------------------------------------------------X

### VERIFIED COMPLAINT

Plaintiff, DAEWOO LOGISTICS CORPORATION ("Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, BARWIL ZAATARAH AGENCIES LTD ("Defendant") alleges, upon information and belief, as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.    At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity organized and existing under foreign law with an office in Seoul, Korea and was at all material times the owner and/or operator of ocean going vessels that carry bulk cargoes to worldwide ports including to the Port of Aqaba in Jordan.

3.    Upon information and belief, Defendant was, and still is, a foreign corporation or other business entity organized and existing under foreign law with an office in Amman, Jordan and was at all material times a port agent that performed necessary services to vessels such as handling all the ships' requirements while in port and supervising all cargo discharge activities.

4. By an agency agreement effective as of April 1, 2004 (hereinafter "the Agreement") Plaintiff contracted with Defendant to perform port services for Plaintiff's vessels that called to Port of Aqaba including "handling principal's [Plaintiff's] vessels in Aqaba port including all ship's requirements" and to "supervise ship discharge and all stevedoring activities to guarantee maximum possible discharge." The Agreement also provided that Defendant would collect "freight charges" on Plaintiff's behalf. Recently, Defendant collected freight in the amount of $224,650.00 on behalf of Plaintiff. The Agreement provides "it is agreed that principal will provide instructions to the agent to which office or bank account freight collect to be transferred to as per principal's invoice which will be issued for each voyage and include principal's related instruction." *See Agreement attached as Exhibit 1.*

5. In breach of its obligations under the Agreement, Defendant has collected $224,650.00 in freight on behalf of Plaintiff in respect of several different vessels but has, without justification, refused and otherwise failed to pay that sum to Plaintiff as Defendant was required to do. *See spreadsheet concerning outstanding freight for various vessels and container shipments attached as Exhibit 2.* Of note, Plaintiff's debit notices for freight to be paid by Defendant to Plaintiff were in the name of D-Logitech, which is a 100% subsidiary of Plaintiff.

6. In addition to the foregoing, Plaintiff is owed by Defendant the balance of the disbursement account for a vessel named TRUST EUROPE that called to Aqaba on July 27-29, 2007, the balance of which is $3,375.00, which Defendant has failed to pay Plaintiff despite due demand. *See disbursement account balance reflected in Defendant's letter to Plaintiff dated August 8, 2007 attached as Exhibit 3.*

7. As best as can now be estimated, Plaintiff expects to recover the following amounts from Defendant in this litigation:

2

| | | |
|---|---|---|
| A. | Principal claim for unpaid hire: | $224,650 |
| B. | Principal claim for balance of disbursement account: | $3,375 |
| C. | Interest for 3 year at 7.75% compounded quarterly: | $59,047 |
| **Total** | | **$287,072** |

8. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

9. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims,

attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$287,072** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

    C.    That this Court enter judgment against the Defendant in the amount of $287,072 plus the costs and reasonable attorneys' fees incurred in the prosecution of this action;

    D.    That Plaintiff be afforded such other and further relief as warranted by justice.

Dated: New York, NY
      November 30, 2007

The Plaintiff,
DAEWOO LOGISTICS CORPORATION,

By: *(signature)*
Charles E. Murphy (CM 2125)
Patrick F. Lennon (PL 2162)
LENNON, MURPHY & LENNON, LLC
The Gray Bar Building
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050
facsimile (212) 490-6070
cem@lenmur.com
pfl@lenmur.com

4

## ATTORNEY'S VERIFICATION

State of New York    )
                     )    ss.:    City of New York
County of New York   )

1. My name is Charles E. Murphy.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    New York, NY
          November 30, 2007

                                                          _____
                                                          Charles E. Murphy

Exhibit 1

# AGENCY AGREEMENT

This Agreement is made by and between:

First Party (Principal):
*Daewoo Logistics Corp.*
*6th Fl Daewoo Center Bldg. 541*
*5-Ga Namdaemunno Chung-Gu Seoul, Korea*

Second Party (Agent): *The Norwegian Jordanian Shipping Agencies Co. Ltd/Barwil Zaatarah.*
*with head office in The Hashemite Kingdom of Jordan - Amman, Ali Yahya Alsarayrah St , Bldg No. 38 Swaifiyeh.*

It is hereby declared and agreed as follows to become effective on April 1ST, 2004 both parties agreed to the following:-

1- First party appoints second party as its agent in Jordan (Aqaba Port), consequently, second party shall attend the following duties on behalf of first party:-

   A. Handling principal's vessels in Aqaba port including all ship's requirements.
   B. Supervise ship discharge and all stevedoring activities to guarantee maximum possible discharge.
   C. Receive, prepare, submit timely, all ship related documentation to present to customs in co-ordination with loading ports.
   D. Agent to provide suitable delivery order section which would provide fast and satisfactory services to clients.
   E. Agent to actively promote marketing activities and sell the service as per principal's policy and rates.
   F. Agent to provide a free office space for principal owner representative in Amman office.
   G. Agent to settle all port invoices including stevedoring charges on behalf of principal in addition to any additional stevedoring cost which to be debited to principal at cost against official invoices/receipts.



2- <u>Documentation:-</u>

   A. Principal agent in the loading port to provide all related ship manifest prior ship arrival to Aqaba, after checking, agent shall present same to Aqaba port authorities/customs.
   B. Agent will release delivery order to receivers against payment of freight charges and presentation of original bill of lading.
   C. Agent to provide all related operation reports on daily basis during ship discharge, weekly report for non delivered cargo to receivers, marketing reports and Aqaba port position, statistics and any other required reports by principal.
   D. Agent to provide an estimate proforma D/A prior ship arrival to Aqaba and upon receiving final port invoices, Final D/A to be sent to principal along with all related original port invoices and vouchers.

3- <u>Freight Collect charges:-</u>

It is agreed that principal will provide instructions to the agent to which office or bank account fright collect to be transferred to as per principal's invoice which will be issued for each voyage and include principal's related instruction.

4- <u>Agent Remuneration:-</u>

   A. Agent will charge a lump sum agency fees of USD ▬▬ per ship call at Aqaba.
   B. Agent will charge USD ▬▬ per vessel call being supervision, communication, car hire and other related ship service.
   C. Agent is entitled for USD ▬ Per unit being collection fees or freight commission against cargo manifest for collect bills of ladings only.
   D. Any other services requested by principal to be debited at cost against official invoices/receipts.
   E. Any agent bookings other than existing regular business/clients, agent is entitled for a commission which to be agreed on case by case.
   F. Agent to charge all additional related costs of drivers/stevedore tallying transport, guards, custom clearance incase of storage outside port area as per agreed rates with principal case by case.



5- <u>Duration and Cancellation of Agreement:</u>

This agreement is effective as of April 1st, 2004 for an indefinite period of time.

Both parties can at any time terminate the agreement by giving minimum of 30 days Notice in writing to the other party.

6- <u>This agreement to be signed</u> under same conditions in case of changes in principal's company/shipping line name.

| **FIRST PARTY** | **SECOND PARTY** |
|---|---|
| Daewoo Logistics Corp. | The Norwegian Jordanian Shipping Agencies Co. Ltd/Barwil Zaatarah. |
| *Bock-Young Park* | *Ayman Aref Zaatarah* |
| *[signature: B. Y. Park]* | *[signature]* |

3

A.Z

8/41

Exhibit 2

# Outstanding Freight

due from Barwil Zaatarah Agency Ltd.

01-Nov-07

| Description | Amount (US$) |
|---|---|
| 1. M/V "Trans Pacific 3" Voyage 015 | US$62,700 |
| 2. M/V "Morning Rise" V.026 | US$13,350 |
| 3. Container shipments | US$148,600 |
| BL # DLGTBUAQ07090001 | US$7,800 |
| BL # DLGTBUAQ07090002 | US$7,800 |
| BL # DLGTBUAQ0729003 | US$7,000 |
| BL # DLGTBUAQ0812002 | US$7,600 |
| BL # DLGTBUAQ0812003 | US$7,600 |
| BL # DLGTBUAQ0819001 | US$3,900 |
| BL # DLGTBUAQ0819002 | US$3,900 |
| BL # DLGTBUAQ0819003 | US$11,400 |
| BL # DLGTBUAQ0819004 | US$3,700 |
| BL # DLGTBUAQ0819005 | US$3,700 |
| BL # DLGTBUAQ0827001 | US$3,700 |
| BL # DLGTBUAQ0827002 | US$3,700 |
| BL # DLGTBUAQ0905001 | US$3,800 |
| BL # DLGTBUAQ0905002 | US$3,800 |
| BL # DLGTBUAQ0905003 | US$3,800 |
| BL # DLGTBUAQ0905004 | US$3,800 |
| BL # DLGTBUAQ0905005 | US$3,800 |
| BL # DLGTBUAQ0905006 | US$15,200 |
| BL # DLGTBUAQ0911001 | US$4,000 |
| BL # DLGTBUAQ0911002 | US$4,000 |
| BL # DLGTBUAQ0911003 | US$4,000 |
| BL # DLGTBUAQ0911004 | US$4,000 |
| BL # DLGTBUAQ0911005 | US$11,400 |
| BL # DLGTBUAQ0911006 | US$3,800 |
| BL # DLGTBUAQ0911007 | US$3,800 |
| BL # DLGTBUAQ0914001 | US$3,800 |
| BL # DLGTBUAQ0914002 | US$3,800 |
| Total | US$224,650 |

Exhibit 3

Dorwil Zaatareh Agencies Ltd

| | | | |
|---|---|---|---|
| Office | A. Yahya Al-Daibysh St | Telephone | +962 6 501 1057 |
| | Bldg No. 03 Sweifyeh | Fax | +962 6 500 5210 |
| | Amman | E-mail | dorwil-zaatareh@hotmail.com |
| Mail | P.O Box 2047 | | www.lobwil-zaatareh.com |
| | Amman 11181 | | |
| | Jordan | | |

Date: 8.August.2007
Our Ref. No. BAR/ZAA D 855/2007

MESSRS. DAEWOO LOGISTICS.
C.P.O BOX 2810 SEOUL 100-714, KOREA
TEL: (82)12-759-2141
FAX: (82)12-759-3814,3769
E_mail: bvpark@daewoo.com

RE: "TRUST EUROPE V.021"
AT AQABA ON 27-29/7/2007

Dear Sirs,

Enclosed please find herewith our actual D/A pertaining to the A/M vessel, together with all supporting vouchers showing a balance of U.S.$ 3375.00 in your favor.

Hope you will find all in order.

Assuring you of our best attention all time

Thanking you in advance and kindest regards

Prepared By
Faten Doar

Yours Faithfully
Hussein Yacoub
Financial Manager

3/41

Ships Service

Darwll Zoolozati Agencies Ltd.
Office: Ali Yehya, Al-Qaraytot Str
       Bldg No. 28. Swalyeh
       Amman
Mail:  P O Box 3017
       Amman 11101
       Jordan

Telephone: +962 6 591 1057
Fax:       +962 6 556 3220
E-mail:    darwll-amman@go.dawoes.com
Internet:  www.bombay.50.com

## SHIP'S ACCOUNT

Amman, 6.8.2007

Debit Messrs:- DAEWOO LOGISTICS.

RE: M.V. " TRUST EUROPE V.021 "
AT AQABA ON 27-29/7/2007

| DETAILS | AMOUNT U.S.$ |
|---|---|
| 1. Port Charges | 4107.20 |
| 2. Custom S/Charges | 78.63 |
| 3. Revenue Stamps | 71.43 |
| 4. Agency Fees | 1517.14 |
| 5. T.N.T Courier | 50.00 |
| 6. Stevedoring | 24186.59 |
| 7. Transportation | 142.86 |
| 8. Shore Passes | 85.71 |
| 9. Tallying, Supervision & Tips | 1805.25 |
| 10. Unlashing Fees | 435.00 |
| 11. Jordan Maritime Authority | 559.47 |
| 12. Shipping Association Fees | 71.43 |
| 13. Communication Fees | 142.86 |
| 14. Gang Man During Discharging | 144.00 |
| 15. Equipment Fees | 130.00 |
| 16. Garbage Removal | 71.43 |
| TOTAL USD | 33599.00 |
| Remittance on 22.7.2007 | ( 36974.00 ) |
| Balance in your favor US$ | ( 3375.00 ) |

(U.S. Dollars Three Thousand Three Hundred Seventy Five Only).

Prepared By
Faten Daqa